UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24388-Civ-COOKE/TURNOFF

DANIEL ENGELHARDT,

    Plaintiff,
vs.

TARGET CORPORATION,

    Defendant,
_____/

## JOINT SUMMARY OF THE PARTIES' MOTIONS IN LIMINE

The Parties, through their undersigned counsel and pursuant to this Court's Order Setting Civil Trial Date and Pretrial Deadlines dated February 18, 2013 [DE 7] file their Joint Summary of the Parties' Motions in Limine. The following Motions in Limine are attached hereto:

1. Target's Motion in Limine or, Alternatively, Motion to Strike Plaintiff's Wage Loss Claims
2. Plaintiff's Response to Target's Motion in Limine (to be filed separately by the Plaintiff)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 20, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| Law Offices of William C. Ruggiero | Seipp, Flick & Hosley, LLP |
| Counsel for Plaintiff | Counsel for Defendant |
| 200 S. Andrews Avenue, Suite 703 | Two Alhambra Plaza, Suite 800 |
| Ft. Lauderdale, Florida 33301 | Coral Gables, Florida 33134 |
| Phone: (954) 462-2300 | Phone: (305) 995-5600 |
| Fax: (954) 463-2460 | Fax: (305) 995-6100 |
| | |
| By:   *s/ William C. Ruggiero* | By:   *s/ Charles P. Flick* |
|     William C. Ruggiero |     Charles P. Flick |
|     FBN: 878499 |     FBN: 253324 |

**Target's Motion In Limine or, Alternatively, Motion to Strike Plaintiff's Wage Loss Claims**

Defendant, Target Corporation, hereby files this Motion in Limine or, Alternatively, Motion to Strike Plaintiff's Wage Loss Claims and in support thereof, states as follows:

Plaintiff has asserted unsupported and speculative claims for past wage loss and future loss of earning capacity. Plaintiff was the owner of non-party AWE Aviation Maintenance ("AWE"), an Aruban Corporation, and worked as an aviation technician. Plaintiff's alleged wage loss is actually a claim for AWE's speculative lost profits. Additionally, Plaintiff has failed to calculate with any reasonable certainty the value of his wage loss claims separate and apart from non-party AWE's lost profits. Furthermore, Plaintiff has failed to produce affirmative evidence that would allow the jury to calculate his wage loss claims with any reasonable degree of accuracy.

Plaintiff claimed in discovery Responses that he lost wages because he "lost contracts" for services with airlines and that his "future losses" are supported by "verbal and written letters of intent." However, the records produced by Plaintiff list AWE, not the Plaintiff individually, as the entity which would have entered into these purported "contracts". Plaintiff further stated in his discovery Responses and at his deposition that the value of his wage loss claims had "not been determined" at those times, which remains the case today. Further, Plaintiff admitted at his deposition that AWE was not profitable.

"A plaintiff must demonstrate not only reasonable certainty of injury, but must present evidence which will allow a jury to reasonably calculate lost earning capacity." *W.R. Grace & Co.-Conn. v. Pyke*, 661 So. 2d 1301, 1302 (Fla. 3d DCA 1995); see also *Pruitt v. Perez-Gervert*, 41 So. 3d 286, 289 (Fla. 2d DCA 2010). "[E]vidence as to future loss of wages which is predicated on speculative assumptions concerning his future earning capacity…shall be excluded." *Rice v. Lee*, 477 So. 2d 1009 (Fla. 1st DCA 1985). As to a claim for lost profits "in Florida, unless the fact-finder is presented with evidence which will enable it to determine damages for lost profits with a reasonable degree of certainty, rather than by means of speculation and conjecture, the claimant may not recover such damages." *Himes v. Brown & Co. Sec. Corp.*, 518 So. 2d 937, 938 (Fla. 3d DCA 1987).

Plaintiff's evidence supporting his alleged lost wages and future loss of earning capacity claims does not demonstrate to a reasonable certainty that he has personally lost or will lose any wages. Accordingly, the Court should exclude any evidence of Plaintiff's past and future wage loss claims because it is improperly based on speculation, conjecture, and insufficient data or, alternatively, the Court should strike Plaintiff's wage loss claims on the same grounds.